UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RONALD D. JOHNSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:10CV2111 CDP |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 1, et al., | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the court on the plaintiff's motion to voluntarily dismiss this case, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2). The defendants oppose this motion and instead ask for a dismissal with prejudice and an award of costs and attorneys' fees.

## Background

Plaintiff Ronald Johnson filed his complaint on November 8, 2010, asserting two claims: (1) the defendant retaliated against Johnson for engaging in protected union speech and assembly in violation of 29 U.S.C. § 411; and (2) the defendant discriminated against him because of his race in violation of 42 U.S.C. § 1981. The defendants filed a motion to dismiss the complaint on November 30, 2010. I granted that motion with respect to count I because Johnson did not allege that he engaged in any relevant union activity, but I allowed Johnson to proceed

on count II. On March 31, 2011, Johnson filed an amended complaint, again claiming violations of 29 U.S.C. § 411 and 42 U.S.C. § 1981, but also adding a claim for a violation of ERISA. On May 19, 2011, Johnson voluntarily dismissed his claims against one defendant, Local No. 1, IBEW, Pension Benefit Fund.

A Rule 16 Scheduling Conference was held on September 9, 2011, after which discovery began. The defendants responded to interrogatories and requests for production on November 4, 2011, and they supplemented those answers on November 29, 2011. In the process, they incurred $2,163.16 in attorneys' fees and $267.60 in copying costs. In turn, the defendant sent a request for production and interrogatories to the plaintiff and also scheduled a date for his deposition. The plaintiff requested extensions of time to respond, but he then filed this motion to dismiss the case before responding to any discovery requests or appearing for a depostition.

In his reply brief, the plaintiff explains that he seeks this voluntary dismissal because of unfavorable facts developed through the discovery process. The defendants oppose the dismissal without prejudice on the grounds that they have incurred significant expense in defending this matter and that they will be prejudiced if plaintiff is allowed to refile at a later time.

**Discussion**

Once a defendant has answered the complaint in a case, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *see also Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999). "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side. Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987). Courts should consider the following factors in determining whether to grant a plaintiff's motion for voluntary dismissal: (1) whether the defendant has expended considerable effort and expense in preparing for trial; (2) whether the plaintiff exhibited "excessive delay and lack of diligence" in prosecuting the case; (3) whether the plaintiff has presented a sufficient explanation for the desire to dismiss; and (4) whether the defendant has filed a motion for summary judgment. *Id.* at 783. The Eighth Circuit has specified that a showing of "plain legal prejudice" is required to deny a dismissal without prejudice, which requires more than a showing that the plaintiff will gain a tactical advantage as a result of its action. *Hoffman v. Alside, Inc.*, 596 F.2d 822, 823 (8th Cir. 1979) (per curiam). If a court intends to instead dismiss the case *with* prejudice, it "must give the plaintiff notice of its intention and a

chance to withdraw the request and proceed with litigation." *Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir. 1995).

Upon granting a voluntary dismissal, a court may, in its discretion, award costs to the defendant that were incurred in defending the action prior to the voluntary dismissal. *See Sequa Corp. v. Cooper*, 245 F.3d 1036, 1038 (8th Cir. 2001). The Eighth Circuit has stated that "district courts *typically* impose the condition that plaintiff pay the defendant the reasonable attorney's fees incurred in defending the suit." *Belle-Midwest, Inc. v. Mo. Prop. & Cas. Ins. Guarantee Ass'n*, 56 F.3d 977, 978-79 (8th Cir. 1995). "In fact, [the Eighth Circuit] has held that under certain circumstances, it is an abuse of discretion for a district court not to condition a voluntary dismissal upon plaintiff's payment of costs and attorney's fees if the case is refiled." *Id.* at 979 (citing *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 972 (8th Cir. 1984) (granting fees for all legal work that would have to be redone if plaintiff were to later decide to refile, when the dismissal was filed during trial).

Balancing the factors in this case warrants denial of the plaintiff's motion to dismiss without prejudice. The defendants have incurred significant expense and have expended a substantial amount of time and effort in defending this case. The majority of these costs have been incurred in complying with plaintiff's extensive discovery requests. These costs and efforts appear especially disparate

considering that the plaintiff has not responded to any discovery requests, except for initial disclosures required by Federal Rule of Civil Procedure 26(a)(1). This also supports denial of the motion under the second factor, since the plaintiff appears to have delayed the prosecution of this case and has not been as diligent as possible. The defendants reported, and plaintiff did not dispute, that the plaintiff has twice requested additional time to respond to discovery requests and canceled a previously scheduled deposition because of this motion to dismiss. These events resulted in the complete failure to plaintiff to produce any documents or other evidence throughout the discovery process.

Furthermore, under the third factor, plaintiff has not presented a sufficient reason for filing this motion to dismiss without prejudice. Although the plaintiff apparently filed the motion to dismiss after receiving facts in discovery that were unfavorable to his case, defendants argued that they made plaintiff's counsel aware of much of this information before suit was filed. Additionally, if plaintiff's basis for filing this motion to dismiss is a lack of evidence and support for its claims, then there is no reason that the dismissal should not be granted instead *with* prejudice. Though there has not yet been a summary judgment motion filed, as discussed in the fourth factor, the other three factors sufficiently support denial of the plaintiff's motion to dismiss this case without prejudice.

Plaintiff may, of course, alternatively choose to file a motion to dismiss this case *with* prejudice at any time. Unless he does so, however, he is obligated to comply with the Case Management Order and the Federal Rules of Civil Procedure, and must begin participating in discovery forthwith.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to dismiss his claims without prejudice [#35] is DENIED.

						_____
						CATHERINE D. PERRY
						UNITED STATES DISTRICT JUDGE

Dated this 3rd day of February, 2012.